UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEORGE MONTERO and SHARON ROSE MONTERO, husband and wife,<br><br>    Plaintiffs,<br><br>    v.<br><br>WASHINGTON STATE PATROL, a Washington State Agency, KEITH JORDAN and "JANE DOE" JORDAN, husband and wife,<br><br>    Defendants. | CASE NO. C05-1092C<br><br>ORDER |

This matter comes before the Court on motions to dismiss by defendant Washington State Patrol ("WSP") (Dkt. No. 11) and defendant Keith Jordan (Dkt. No. 12). Having considered the papers submitted by all parties and the allegations in the complaint, and finding oral argument unnecessary, the Court will GRANT defendants' motions IN PART for the following reasons.

**I.    Background Allegations**

This dispute arises from a traffic stop in June 2001 during which WSP Officer Keith Jordan pulled over George Montero on suspicion of driving while intoxicated. Montero allegedly blew readings of 0.071 and 0.078 blood-alcohol level on a portable breathalyzer (under the legal limit of 0.08 under Washington law) and passed a standard field sobriety test. Jordan arrested Montero nonetheless. Montero was then charged with, tried, and convicted of driving while intoxicated. Following Montero's

ORDER – 1

unsuccessful appeal, the Snohomish County Prosecuting Attorney informed Montero by letter that his conviction had been vacated due to the discovery that Officer Jordan had falsified his arrest reports and perjured himself at trial. (Complaint ¶¶ 3.1–3.10.) Based on these factual allegations, the Monteros seek a variety of economic and non-economic damages on four causes of action against Jordan: false arrest, false imprisonment, violations of 42 U.S.C. § 1983, and negligent infliction of emotional distress; and two causes of action against WSP: negligent supervision and hiring and negligent infliction of emotional distress. (*Id.* ¶¶ 4A.1–4E.2.)

## II.     Legal Analysis

By separate motions, defendants WSP and Keith Jordan seek an order dismissing each of Plaintiffs' causes of action against them on the grounds of sovereign immunity and expiration of the relevant statutes of limitations, respectively. As with all motions to dismiss on the pleadings, the Court takes the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). The Court's review is strictly limited to the four corners of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996).

*A.     Eleventh Amendment Sovereign Immunity*

There is no question that Plaintiffs' state law claims against WSP and against Jordan in his official capacity are barred by the doctrine of sovereign immunity, which precludes the adjudication of state law claims against nonconsenting state actors in federal courts. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). Moreover, the Washington State Supreme Court has made clear that the State has not waived its immunity under the Eleventh Amendment against suits "'under section 1983 for acts of its agents subjecting the plaintiff to deprivation of his civil rights.'" *Rains v. State*, 674 P.2d 165, 170 (Wash. 1983) (quoting *Edgar v. State*, 595 P.2d 534 (Wash. 1979)).

Plaintiffs' only substantive response to these authorities is to request leave to amend their complaint to substitute certain WSP supervisors who, presumably, Plaintiffs believe were responsible for

ORDER – 2

hiring and supervising Jordan. (Opp'n 2–3.) However, it is well established that *respondeat superior* is not a viable theory under § 1983, and that state officials are subject to liability only if they played "an affirmative part in the alleged deprivation of constitutional rights" alleged by the plaintiff. *Rise v. Oregon*, 59 F.3d 1556, 1563 (9th Cir. 1995) (internal quotations omitted), *overruled on other grounds by Ferguson v. City of Charleston*, 532 U.S. 67 (2001). The complaint alleges that WSP (through its officials) may have known that Jordan had "conducted himself in an inappropriate fashion in the past," but does not allege that any WSP official knew of or condoned Jordan's specific conduct. (Complaint ¶ 4D.2.) In fact, Plaintiffs allege that it was the prosecuting attorney, rather than any WSP official, who first discovered Jordan's duplicity. (*Id.*) While these allegations may describe a cause of action for negligent supervision in state court, they certainly do not support an inference that other WSP officials played an affirmative part in Plaintiffs' alleged constitutional deprivations.

Accordingly, all claims against the Washington State Patrol and Jordan in his official capacity will be DISMISSED without leave to amend.

### B. Statutes of Limitations

Defendants concede that the claims against Jordan in his personal capacity are not barred by the Eleventh Amendment, and have not raised any arguments based on qualified immunity. However, they do argue that applicable statutes of limitation bar each of the four causes of action against Jordan. The Court will address each of these claims in turn.

#### 1. False Arrest and False Imprisonment

Under Washington law, a claim for false imprisonment is subject to a two-year statute of limitations. WASH. REV. CODE § 4.16.100(1). This two-year period applies equally to claims for false arrest. *See Heckart v. City of Yakima*, 708 P.2d 407, 407 (Wash. Ct. App. 1985) ("Since a false imprisonment occurs whenever a false arrest occurs, the conclusion that false arrest is also subject to the 2-year limitation period is inescapable."). The fact that Plaintiffs' have also filed a § 1983 claim *based* on

ORDER – 3

false arrest and false imprisonment does not somehow expand the statute of limitations applicable to their state law claims.

George Montero was arrested on June 8, 2001, and received notice from the prosecuting attorney that his conviction had been vacated in November 2001. (Complaint ¶¶ 3.1, 3.10.) Even assuming that his claims accrued on the latter date, the two-year limitation period had long-since run by the time Plaintiffs filed their complaint in June 2005. Accordingly, Plaintiffs' claims for false arrest and false imprisonment against Jordan in his personal capacity will be DISMISSED with prejudice.

2. *Claim Under 42 U.S.C. § 1983*

The parties disagree on two issues with regard to the applicable statute of limitations for Plaintiffs § 1983 claims: first, what is the applicable limitations period, and second, when did that period begin running? Defendants obscure the relatively simple answer to the first question by conflating Plaintiffs' state law claims for false arrest and false imprisonment with their federal claim under § 1983. The fact that Plaintiffs' state law claims are governed by a two-year limitation period does not mean that their § 1983 claim is so limited. In fact, the United States Supreme Court and Ninth Circuit have repeatedly held that because § 1983 actions are akin to claims for personal injuries, the applicable statute of limitations is the state's catchall personal-injury limitations period. *See Owens v. Okure*, 488 U.S. 235, 241 (1989); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995).

Because Washington has not codified a single statute of limitations to cover all personal injury actions, the Court must apply the general three-year limitations period contained in Revised Code section 4.16.080(2). *See Owens*, 488 U.S. at 241. Indeed, this has been the law in both the Washington courts and the Ninth Circuit for many years. *See Hayes v. City of Seattle*, 888 P.2d 1227, 1229 (Wash. Ct. App. 1995); *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). Accordingly, the Court finds that Plaintiffs' cause of action under § 1983 is subject to a three-year limitations period.

The second question is more nuanced: when did this three-year limitations period begin to run? Whereas the statute of limitations itself is found in state law, "federal law governs when a cause of action

ORDER – 4

accrues and the statute of limitations begins to run in a § 1983 action." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (internal quotations omitted).  Until recently, the clear answer was that for § 1983 claims arising from arrests lacking probable cause, the claim accrued on the date of the allegedly false arrest.  However, in 1994 the Supreme Court ruled that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).  In other words, the statute of limitations generally does not begin to run on claims for unconstitutional arrest and imprisonment until the conviction and sentence is thrown out.

The Ninth Circuit has since clarified that *Heck*'s impact is limited to cases alleging misconduct so severe as "would necessarily imply" that the plaintiff's criminal conviction was invalid. *Cabrera*, 159 F.3d at 380.  Thus, for actions based on false arrest, false imprisonment, malicious prosecution, and the like, the claim will still accrue on the day of the arrest if the lack of probable cause or other misconduct would not necessarily invalidate the plaintiff's conviction.  *See Pascual v. Matsumura*, 165 F. Supp. 2d 1149, 1152 (D. Haw. 2001); *see also Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996) (action accrues on date of arrest unless "plaintiff's success on a claim that a warrantless arrest not supported by probable cause necessarily would implicate the validity of the plaintiff's conviction or sentence").

Therefore, the Court must determine from the face of the complaint whether Plaintiffs' success on their § 1983 claim would necessarily undermine George Montero's conviction and sentence.  This fact-intensive analysis is substantially less difficult here because the State has already overturned Montero's conviction and sentence as improperly imposed.  Although Montero may have believed on the day of his arrest that Jordan was acting improperly, he could not have known then that Jordan would (allegedly) falsify the arrest reports and commit perjury during the trial.  Taking these allegations as true, and accepting Plaintiffs' representations as to the contents of the letter from the prosecuting attorney,

ORDER – 5

1  Plaintiffs' § 1983 claim alleges conduct more substantial than merely a lack of probable cause.  Because
2  these allegations necessarily imply that George Montero's conviction and sentence were invalid,
3  Plaintiffs' § 1983 claim did not accrue until the prosecuting attorney informed them in November 2002
4  that Montero's conviction had been overturned.

   In sum, Plaintiffs' § 1983 claim is subject to a three-year statute of limitations that began running in November 2002.  They filed their complaint in June 2005, well within the three-year window.  The Court will therefore DENY the motions to dismiss this cause of action against Jordan in his personal capacity.[1]

### 3. *Negligent Infliction of Emotional Distress*

Apparently arguing that any cause of action arising from an allegedly false arrest is bound by a two-year statute of limitations, Defendants assert that Plaintiffs' claim for negligent infliction of emotional distress must also be dismissed.  In fact, Washington law is quite clear that such claims are governed by the catchall three-year limitations period in section 4.16.080(2).  *St. Michelle v. Robinson*, 759 P.2d 467, 470 (Wash. Ct. App. 1988), *superseded by statute on other grounds*.  Washington law also governs when this cause of action accrued, and holds that a plaintiff's cause of action for personal injury torts generally accrues "at the time the act or omission" leading to his damages occurs.  *See White v. Johns-Manville Corp.*, 693 P.2d 687, 691 (Wash. 1985).  However, where affirmative acts by the defendant prevent a plaintiff from learning "all of the essential elements of the case of action," the claim will not accrue until the plaintiff learns those facts.  *Id.*

In the complaint, Plaintiffs allege that their "embarrassment, humiliation, and shame" flowed not only from the false arrest itself, but also from George Montero's trial, conviction, and sentence.  (Complaint ¶ 4E.2.)  These latter events ultimately resulted from Jordan's alleged falsification of the

---

[1] Given this conclusion, the Court need not reach the parties' arguments regarding the applicability of the Washington statute requiring sixty-days' notice to the State before filing tort claims against state actors.  *See* WASH. REV. CODE § 4.92.110.

ORDER – 6

arrest reports and perjury at trial. Therefore, like their action under § 1983, Plaintiffs' cause of action for infliction of emotional distress did not accrue fully until they learned from the prosecuting attorney of the full scope of Jordan's misconduct.

Thus, the Court finds that Plaintiffs' cause of action for negligent infliction of emotional distress carries a three-year statute of limitations, which did not begin running until November 2002. The complaint was filed well before the statute ran its course in November 2005. The Court will therefore DENY Defendants' motion to dismiss this cause of action against Jordan in his personal capacity.

### III.   Conclusion and Order

In sum, the Court GRANTS defendant Washington State Patrol's motion to dismiss on the basis of Eleventh Amendment sovereign immunity, and ORDERS that all claims against WSP in the complaint are DISMISSED with prejudice.

The Court further GRANTS defendant Keith Jordan's motion to dismiss IN PART, and ORDERS that Plaintiffs' claims for false arrest and false imprisonment are DISMISSED with prejudice. The Court DENIES Jordan's motion to dismiss Plaintiffs'(1) claim under 42 U.S.C. § 1983 and (2) claim for negligent infliction of emotional distress.

SO ORDERED this 21st day of December, 2005.

_____
UNITED STATES DISTRICT JUDGE

ORDER – 7